Filed 8/5/22 P. v. Duval CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C089098 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRF939600606) |
| JAMES ELMOND DUVAL, | ON TRANSFER |
| Defendant and Appellant. | |

In 1994, defendant James Elmond Duval pleaded no contest to second degree murder and admitted a firearm-use enhancement allegation. The trial court sentenced him to an indeterminate term of 15 years to life in prison for the murder, plus a determinate term of five years for the enhancement. In 2019, defendant filed a petition for resentencing pursuant to Penal Code section 1170.95.[1] The trial court summarily

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) For purposes of clarity and conformity with the petition, we will continue to refer to the statute as section 1170.95 throughout the opinion. Further undesignated statutory references are to the Penal Code.

1

denied the petition without appointing counsel, concluding defendant was not eligible for resentencing as a matter of law. This court affirmed the trial court's order.

The California Supreme Court granted defendant's petition for review and deferred further action pending disposition in a related case. After issuing its opinion in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the Supreme Court transferred the matter back to us with directions to vacate this court's decision and reconsider the cause in light of *Lewis*. We vacated the prior decision and reconsidered the matter in light of *Lewis* and the parties' supplemental briefs.

Although the trial court should have appointed counsel to represent defendant when he filed a facially sufficient petition containing a request for counsel, the error was harmless. Accordingly, we will affirm the trial court's order.

BACKGROUND

Defendant pleaded no contest to second degree murder and admitted personally using a firearm in the commission of the murder. According to the factual basis for the plea, on January 6, 1993, defendant intentionally killed Terry Boyds with a firearm. Defendant agreed with the factual basis. Among other things, there was evidence at the preliminary hearing that defendant acquired a gun, shot Terry Boyds, and that Boyds died from multiple gunshot wounds. A witness said defendant admitted shooting Boyds but that another individual named Bechtell also claimed to have killed Boyds.

Represented by new counsel, defendant subsequently sought to withdraw his no contest plea on the grounds that his former counsel was not prepared for trial and that defendant had understood he could enter a no contest plea but still continue to build a defense and ask the Court of Appeal for a trial. Defendant presented evidence of additional statements that Bechtell confessed to killing Boyds. The trial court denied the motion to withdraw the plea, finding insufficient evidence that defendant did not understand what he was doing when he entered his plea. The trial court sentenced

2

defendant to an indeterminate term of 15 years to life in prison for the murder, plus a consecutive determinate term of five years for the firearm enhancement.

Defendant appealed the order denying his motion to withdraw the plea. This court affirmed the order (*People v. Duval* (Oct. 13, 1995, C020186) [nonpub. opn.]) and the California Supreme Court denied review (*People v. Duval* (Dec. 20, 1995, S050052)).

On February 26, 2019, defendant filed a petition for resentencing under section 1170.95. He averred that (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under the felony-murder rule or the natural and probable consequences doctrine; (2) he pleaded guilty or no contest to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial under the felony-murder rule or the natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant requested the appointment of counsel during the resentencing process.

The trial court summarily denied the petition without appointing defendant counsel, concluding that defendant was not entitled to relief under section 1170.95 as a matter of law because the court file showed he was convicted of murder as the actual killer and not under the felony-murder rule or the natural and probable consequences doctrine. Citing the reporter's transcript from the entry-of-plea hearing, the trial court described the factual basis for defendant's plea and noted that defendant heard and agreed with the stated factual basis and that defendant admitted personally using a firearm. Defendant appeals from the order denying his petition for resentencing.

## DISCUSSION

Defendant contends that in considering his section 1170.95 petition, the trial court erred in relying on the factual basis of his plea and his enhancement admission to deny the petition, and in summarily denying his petition without appointing counsel.

3

## A

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, amended sections 188 and 189 to restrict the application of the felony-murder rule and eliminate natural and probable consequences liability as it applied to aiding and abetting murder. (*Lewis, supra*, 11 Cal.5th at p. 957.) Amended section 188 provides that "[e]xcept as stated in subdivision (e) of Section 189 [the felony-murder rule], in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) was added to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in [section 189,] subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95 to provide a procedure to petition the trial court to vacate a conviction and for resentencing if the petitioner could not have been convicted of murder under sections 188 and 189 as amended by Senate Bill No. 1437. (Stats. 2018, ch. 1015, § 4.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) expanded the class of persons who may petition for relief under section 1170.95 to include not only defendants convicted of murder under the felony-murder rule or the natural and probable consequences doctrine but also defendants convicted of murder under a "theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (Stats. 2021, ch. 551, § 2.)

4

Section 1170.95, subdivision (b)(1) lists the required contents of a petition. "The petition shall include all of the following: [¶] (A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) If any of the information required by subdivision (b)(1) "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

When a petitioner files a facially sufficient petition, the trial court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief under section 1170.95. (§ 1170.95, subd. (c); *People v. Flores* (2022) 76 Cal.App.5th 974, 986 (*Flores*).) The California Supreme Court held that section 1170.95, subdivision (c) requires the petitioner to make one prima facie showing that he or she is entitled to relief under section 1170.95.[2] (*Lewis, supra*, 11 Cal.5th at pp. 961-967.) The

---

[2] The Legislature amended section 1170.95 after the opinion in *Lewis, supra*, 11 Cal.5th 952 was issued to move the provision regarding the appointment of counsel from subdivision (c) to subdivision (b). Consistent with *Lewis*, subdivision (b)(3) now provides: "Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (Stats. 2021, ch. 551, § 2.) Subdivision (c) now provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (Stats. 2021, ch. 551, § 2.)

Supreme Court further held that a trial court must appoint counsel to represent the petitioner when the petitioner files a facially sufficient petition containing a request for the appointment of counsel, and the appointment of counsel does not hinge on a prima facie showing that the petitioner falls within the provisions of section 1170.95. (*Lewis,* at pp. 962-963, 966-967, 970.) The Supreme Court explained that under section 1170.95, subdivision (c), when a petition that complies with subdivision (b) is filed, the trial court must appoint counsel if requested, the parties may submit briefs, and the trial court should make one prima facie determination. (*Lewis*, at p. 966.)

The California Supreme Court explained that the prima facie bar is set very low and "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Lewis, supra*, 11 Cal.5th at pp. 971-972.) At this stage, the trial court should also not engage in factfinding involving the weighing of evidence or the exercise of discretion. (*Id.* at p. 972.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

As amended by Senate Bill No. 775, a petitioner must demonstrate the following to make a prima facie showing that he or she falls within the provisions of section 1170.95: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted

6

murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [And] [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (Stats. 2021, ch. 551, § 2; see *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 [holding that the prima facie showing the petitioner must make is that he or she did not, in fact, engage in the act(s) or have the mental state required for a murder conviction under current law].) A trial court must issue an order to show cause if the petitioner has made a prima facie showing that he or she is entitled to relief under section 1170.95. (§ 1170.95, subd. (c).)

B

Defendant contends that because his petition contained averments of the three section 1170.95, subdivision (a) conditions, nothing more was required for the appointment of counsel. We agree. Because defendant filed a facially sufficient petition, the trial court should have appointed counsel to represent defendant. (*Lewis, supra*, 11 Cal.5th at pp. 962-963, 966-967, 970.)

The failure to appoint counsel at the prima facie stage of review is state law error and is reviewed for prejudice under the *People v. Watson* (1956) 46 Cal.2d 818 harmless error test. (*Lewis, supra*, 11 Cal.5th at pp. 973-974.) Defendant must demonstrate that " 'it is reasonably probable that if [he or she] had been afforded assistance of counsel his . . . petition would not have been summarily denied without an evidentiary hearing.' " (*Id.* at p. 974; *see, e.g. People v. Farfan* (2021) 71 Cal.App.5th 942, 953-956.) He does not meet that burden.

A trial court may rely on the record of conviction to determine whether the petitioner has made the requisite prima facie showing. (*Lewis, supra*, 11 Cal.5th at pp. 970-971.) The record of conviction includes the transcript of the plea hearing.

7

(*Flores, supra*, 76 Cal.App.5th at p. 989; *People v. Eynon* (2021) 68 Cal.App.5th 967, 976-979; see *People v. Davenport* (2021) 71 Cal.App.5th 476, 481-484 .) "In the plea context, a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that . . . the petitioner could presently be convicted of murder or attempted murder under the law as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.)." (*Flores,* at p. 987.)

In denying defendant's section 1170.95 petition, the trial court relied on the reporter's transcript of the entry-of-plea hearing. That transcript showed that defendant entered a plea of no contest to second degree murder and admitted the personal use of a firearm. Although the admission that he personally used a firearm, by itself, would not establish that defendant was the actual killer (*People v. Jones* (2003) 30 Cal.4th 1084, 1120), defendant also admitted he intentionally killed Boyds with a firearm. Defendant did not say at the plea hearing that he aided and abetted another in killing Boyds. Regardless of any conflicting evidence presented at the preliminary hearing, defendant's plea and admissions at the plea hearing conclusively refuted the allegation in his petition that he could not presently be convicted of murder because of changes made to sections 188 and 189 effective January 1, 2019. (Stats. 2018, ch. 1015, § 1; see *People v. Rivera* (2021) 62 Cal.App.5th 217, 234, review dism. Jan. 19, 2022, S268405; *People v. Allison* (2020) 55 Cal.App.5th 449, 460; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, disapproved on another ground in *Lewis, supra*, 11 Cal.5th at pp. 961-963; cf. *Flores, supra*, 76 Cal.App.5th at pp. 991-992; *People v. Davenport, supra*, 71 Cal.App.5th at pp. 480-484; *People v. Eynon, supra,* 68 Cal.App.5th at pp. 976-979; *Rivera, supra,* at pp. 232-235; *People v. Cooper* (2020) 54 Cal.App.5th 106, 109-110, 112, 123-126, review dism. Dec. 15, 2021, S264684.) The trial court's consideration of defendant's plea and admissions did not involve the weighing of evidence or the exercise of discretion.

Because he was not eligible for relief under section 1170.95 as a matter of law, defendant fails to demonstrate a reasonable probability that his petition would not have been denied if the trial court had appointed counsel to represent him.

DISPOSITION

The trial court order denying the petition for resentencing is affirmed.


/S/
MAURO, J.


We concur:


/S/
HULL, Acting P. J.


/S/
RENNER J.

9